IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NORBERTO PEREZ-AROCHO

Petitioner

vs                                                        CIVIL 13-1472CCC

LINDA WANDERS, Warden

Respondent

## OPINION AND ORDER

Before the Court is petitioner Norberto Pérez-Arocho's (hereinafter "Petitioner" or "Pérez-Arocho") 28 U.S.C. § 2254 *habeas corpus* petition (D.E. #1),[1] which was originally filed on April 15, 2013 in the U.S. District Court for the Western District of Missouri, Southern Division.  On June 7, 2013, the District Court of Missouri entered an order transferring the case to this Court (D.E. #6).  For the reasons discussed below, the Court finds that the Petition must be **DISMISSED FOR LACK OF JURISDICTION**.

## I.   BACKGROUND

Petitioner Pérez-Arocho is a Commonwealth prisoner who is presently confined in a federal penal institution in the state of Missouri.  Petitioner filed this *habeas corpus* alleging that he was one of several prisoners convicted and sentenced by the Commonwealth Courts that initially served time in local prisons but were later transferred to extinguish their sentences in a federal prison pursuant to an agreement between the Commonwealth's Department of Correction and the federal Bureau of Prisons.  Claiming that this transfer was done against his will and without his consent, he now requests that he be immediately returned to a prison in Puerto Rico.

## II.   DISCUSSION

Pursuant to federal law, a prisoner who claims being held by the state government in violation of the Constitution or laws of the United States may file a civil lawsuit in federal

_____

[1]D.E. is an abbreviation of docket entry number.

CIVIL 13-1472CCC                                                2

court seeking a writ of *habeas corpus* under 28 U.S.C. § 2254.  A federal court's review of a 28 U.S.C. § 2254 petition is not a direct review of a state court's decision.  The petition is a separate civil suit considered as collateral relief.  The federal *habeas corpus* is not a constitutional, but rather a statutory relief codified in 28 U.S.C. § 2254.

Prisoners in state custody who choose to collaterally challenge their confinement in a federal habeas proceeding are required to comply with the "independent and adequate state ground doctrine."  See Yeboah-Sefah v. Ficco, 556 F.3d 53 (1st Cir. 2009) citing Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).  As such, petitioner had to exhaust state judicial remedies, either on direct appeal or through collateral proceedings.  The highest state court available must have a fair opportunity to rule on the merits of each and every claim which petitioner seeks to raise in federal court.  In order to fulfill this exhaustion requirement, the petitioner must have fairly presented the substance of all of his federal constitutional claims to the highest state court.  Levine v. Commissioner of Correctional Servs., 44 F.3d 121, 124 (2nd Cir. 1995).

The state court must have been apprised of both the factual and legal basis of those claims.  Grey v. Hoke, 933 F.2d 117, 119 (2nd Cir. 1991).  The United States Supreme Court has held that in order to satisfy the exhaustion requirement, a petitioner requesting federal *habeas corpus* review is required to present claims to the state supreme court even when its review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  The burden of proving that a federal habeas claim has been exhausted in state court lies with the petitioner.

In the Commonwealth of Puerto Rico, there is a two-tier system for post conviction relief.  Thus, in order for petitioner to exhaust his state court remedies, he could either file a Puerto Rico Rule of Criminal Procedure Rule 192.1 motion requesting the trial court to vacate, set aside, or correct the judgment (34 L.P.R.A. App. II, Rule 192.1), or a petition pursuant to section 1741 of the Code of Criminal Procedure requesting a writ of *habeas*

*corpus* (34 L.P.R.A. §§ 1741-1743).  An appeal may be filed from the subsequent denial of a Rule 192.1 motion or of a section 1741 habeas petition.  Once said appeal has been denied by the Puerto Rico Court of Appeals, then petitioner must file a writ of certiorari to the Supreme Court of Puerto Rico, Id.  Hence, pursuant to Puerto Rico law, in order for Pérez-Arocho to properly file his section 2254 petition for relief before this federal court, he had to first exhaust at least one of the two post-conviction remedies provided by the Commonwealth to the point of having either a Rule 192.1 motion or a § 1741 *habeas corpus* petition reviewed by the Supreme Court of Puerto Rico (P.R.L.A. 34 § 1779).

In the instant case, petitioner alleges that his conviction and sentence were affirmed by the Puerto Rico Supreme Court (D.E. #1 at p. 4).  In his petition for relief, however, he is neither challenging his conviction nor his sentence as he does not question the validity of either.  Instead, petitioner has filed this § 2254 request for habeas relief for the sole purpose of soliciting that he be transferred back to a local prison in Puerto Rico rather than continuing to serve his sentence in a federal medical facility in the state of Missouri.  As such, petitioner has chosen the improper mechanism for requesting relief, given that he is neither challenging the fact of his confinement nor the length of his incarceration but, rather, his placement in a federal medical facility rather than in a jail in Puerto Rico.

The Supreme Court has held that *habeas corpus* relief is not the remedy for challenges to the conditions of a prisoner's confinement if the challenge is unrelated to the fact or length of the prisoner's custody.  Wolf v. McDonnell, 418 U.S. 539 at 554 (1974).[2] In light of the clear parameters of habeas relief pursuant to Section 2254, Pérez-Arocho's federal claim for relief must be asserted, if at all, as a civil rights claim under 42 U.S.C. § 1983 and not in a petition for writ of *habeas corpus* under 28 U.S.C. § 2254.

---

[2]See also Pischke v. Litscher, 178 F.3d 497 (7th Cir.), cert. denied, 120 S. Ct. 380 (1999) (*habeas corpus* petition cannot be used merely to challenge prisoner's location of custody).

CIVIL 13-1472CCC                                    4

The Court is well aware that it has before it a <u>pro se</u> prisoner who must be given certain leeway in his filings. However, the Court cannot entertain this improperly filed writ for it lacks jurisdiction on the relief requested through it.  Accordingly, the Court must dismiss Pérez-Arocho's petition for habeas relief for lack of jurisdiction.

The Court, however, will instruct the Clerk to mail to petitioner the proper 42 U.S.C. § 1983 complaint form to petitioner for his evaluation and possible filing.  The Court advises petitioner that prior to filing any claim for relief pursuant to § 1983 he first must have exhausted all administrative remedies available as to his claim.  The Prison Litigation Reform Act of 1995 (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Therefore, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  <u>Barbosa-Orona v. Flores-Dasta</u>, 843 F. Supp. 2d 230, 234-235 (D.P.R. 2012) (citing <u>Woodford v. Ngo</u>, 548 U.S. 81, 88 (2006)).[3]  The "boundaries of proper exhaustion" are determined not by the PLRA but by the prison system's own procedural requirements.  <u>Jones v. Bock</u>, 549 U.S.199 (2007) at 218.

---

[3]The United States Supreme Court has stated that "all available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit . . state prisoners must exhaust administrative processes prior to instituting a Section 1983 suit."  <u>Porter v. Nussle</u>, 534 U.S. 516 at 524 (2002).

CIVIL 13-1472CCC                                      5

## III.     CONCLUSION

For the reasons stated, the Court finds that petitioner Norberto Pérez-Arocho's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 must be **DISMISSED**. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on February 28, 2014.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge